IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) ) CITY OF INDEPENDENCE, ) MISSOURI, ) ) Defendant. ) | Civil Action No. 04-877-CV-W-FJG<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Richard Hopkins and other retirement-eligible employees of the City of Independence, Missouri, who were denied the opportunity to participate in the City's Leave Donation Program because of their age. The Commission alleges that in April 2003 the City of Independence, Missouri denied Richard Hopkins, then age 62, the opportunity to participate in its Leave Donation Program and constructively discharged him from his job as an Inspector in the Code Enforcement Department because of his age.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. Venue is proper in the United States District Court for the Western District of Missouri, Western Division, because the employment practices alleged to be unlawful were, and are now, being committed within the United States District Court for the Western District of Missouri, Western Division.

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, the City of Independence, Missouri (the "City"), has continuously been a municipality incorporated in the state of Missouri.

5. At all relevant times, Defendant City has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

7. Since at least November 21, 2002, Defendant has engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623.

    a. Defendant unlawfully denied Richard Hopkins, a retirement-eligible employee of the City, the opportunity to participate in its Leave Donation Program

because of his age.

        b.      Defendant City unlawfully constructively discharged Richard Hopkins because of his age.

        c.      By excluding retirement-eligible employees from its Leave Donation Program, Defendant may have unlawfully denied others in the protected age group, whose identities are unknown to the Commission at this time, the opportunity to participate in that Program because of their age.

8.      The effect of the practices complained of in paragraphs 7(a) and (b) above has been to deprive Richard Hopkins and perhaps others of equal employment opportunities and otherwise adversely affect his status because of his age.

9.      The unlawful employment practices complained of in paragraphs 7(a) and (b) above were, and are, willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant City, its officers, successors, assigns and all persons in active concert or participation with it, from enforcing its retirement-eligibility exception to its Leave Donation Policy, constructively discharging employees because of their age, and engaging any other employment practice that discriminates on the basis of age against individuals 40 years and older.

B.      Order Defendant City to institute and carry out policies, practices and programs that provide equal employment opportunities for individuals 40 years of age and older, and which

3

Case 4:04-cv-00877-FJG   Document 1   Filed 09/28/04   Page 3 of 5

eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant City to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Richard Hopkins and others whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant City to make Richard Hopkins and others whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission the costs of this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

Eric Dreiband
General Counsel

Gwendolyn Y. Reams
Associate General Counsel

Robert G. Johnson
Regional Attorney

Donna L. Harper
Supervisory Trial Attorney

/s/ Anne E. Gusewelle
Anne E. Gusewelle
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Kansas City Area Office
Gateway Tower II
4th & State Ave., 9th Flr.
Kansas City, KS 66101
(913) 551-5541 (tel.)
(913) 551- 6957 (fax)

5